CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 26, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN, | ) |
| Plaintiff, | ) Case No. 7:22-cv-00619 |
| v. | ) **MEMORANDUM OPINION** |
| DR. MULLINS et al., | ) By: Hon. Thomas T. Cullen |
| Defendants. | ) United States District Judge |

Before the Court is Plaintiff Karsten O. Allen's motion to vacate the Court's September 29, 2023 judgment dismissing this action. For the following reasons, the Court will deny Plaintiff's motion.

## I.

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against various medical staff of the Virginia Department of Corrections, Keen Mountain Correctional Center, and Wallens Ridge State Prison. (*See* Compl. 1–2 [ECF No. 1].) Plaintiff alleges Defendants denied him adequate medical treatment for his chronic back pain. (*See id.* at 2–15.)

On October 28, 2022, the Court entered an order offering Plaintiff the opportunity to apply to proceed *in forma pauperis*, but specifically notified Plaintiff that the order "may be rescinded if the court determines that plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g)." (Order 1–2, Oct. 28, 2022 [ECF No. 4].) The Court subsequently granted Plaintiff's motion for leave to proceed *in forma pauperis*, allowing him to pay the filing fee in installments. (*See* Order 1, Jan. 10, 2023 [ECF No. 10].)

On February 28, 2023, Defendants jointly moved to revoke Plaintiff's *in forma pauperis* status and dismiss his complaint on the grounds that Plaintiff had failed to advise the Court that he had brought at least three prior actions that had been dismissed for failure to state a claim and was therefore ineligible to proceed *in forma pauperis*. (*See* Defs.' Mot. 1 [ECF No. 22]; Memo. Supp. Defs.' Mot. 1–6 [ECF No. 23].) The Court granted Defendants' motion, revoked Plaintiff's *in forma pauperis* status, and dismissed Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(g). (*See* Mem. Op. 10 [ECF No. 44]; Order 1, Sept. 29, 2023 [ECF No. 45].)

Seven months later, Plaintiff filed his motion to vacate, claiming § 1915(g) does not mandate dismissal because Plaintiff is in imminent danger of serious physical injury. (*See* Pl.'s Mot. to Vacate at 6 [ECF No. 46].) Plaintiff's motion is ripe for the Court's review.

## II.

Under Federal Rule of Civil Procedure 60(b), the Court may, "[o]n motion and just terms," relieve a party of a final judgment or order upon finding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]o obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id.* (citations omitted).

### III.

Plaintiff's motion fails because he did not file it within a reasonable time as required by Rule 60(c)(1). And even if his motion had been timely filed, it would still fail because Plaintiff has not satisfied any of the grounds for relief set forth in Rule 60(b).

### A.

To be timely, a Rule 60(b) motion must be made "within a reasonable time" after the entry of the final judgment or order. Fed. R. Civ. P. 60(c)(1). Rule 60(c)(1) dictates that motions based on mistake, newly discovered evidence, or fraud by an opposing party be filed no later than one year following the judgment or order. *See id.* This one-year limit "balances the competing interests of relieving an aggrieved party from the hardships of an unjustly procured decision against the deep respect for the finality of judgments engrained in our legal system." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014) (citations and internal quotation marks omitted). It "is an *outer* limit of what may be timely." *United States v. Williams*, 56 F.4th 366, 370 (4th Cir. 2023). Indeed, the Fourth Circuit has found shorter delays unreasonable "where there was 'no valid reason given for the delay.'" *Id.* (quoting *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991)); *see McLawhorn*, 924 F.2d at 538

(affirming denial of Rule 60(b) motion filed three-and-a-half months after order was entered); *Central Operating Co. v. Utility Workers of Am., AFL-CIO*, 491 F.2d 245, 253 (4th Cir. 1974) (affirming denial of Rule 60(b) motion filed almost four months after judgment where the movant "provide[d] no satisfactory explanation for this delay"); *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (affirming denial of motion to set aside judgment filed two-and-a-half months after judgment was entered, noting the movant "did not act promptly").

Plaintiff waited seven months from the date of the Court's order to file his motion to vacate that order. (*See* Order 1, Sept. 29, 2023; Pl.'s Mot. to Vacate (filed April 29, 2023).) In his motion, he offers no reason for this delay—indeed, he does not address the delay or timeliness requirement at all. (*See generally* Pl.'s Mot. to Vacate.) It is Plaintiff's burden, as the movant, to show that his motion was timely filed. *See Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). But nothing in Plaintiff's motion suggests he was prevented from filing his motion sooner, and the Court find no justification for such a lengthy delay. Even broadly construing Plaintiff's motion, the Court cannot find that he filed the motion "within a reasonable time," and his motion is therefore untimely under Rule 60(c)(1). *See McLawhorn*, 924 F.2d at 538; *Central Operating*, 491 F.2d at 253; *Consol. Masonry & Fireproofing*, 383 F.2d at 251.

## B.

Even if Plaintiff's motion were timely—and even assuming, without deciding, that he could satisfy one of the grounds listed in Rule 60(b)(1) through (6)—the motion fails on the merits. Plaintiff argues the Court's dismissal order was improper because "he is in imminent danger of serious physical harm from being incarcerated with serious ailments without access

to medical services," and he was therefore not required to pay the filing fee before filing suit. (*See* Pl.'s Mot. to Vacate at 1–6.) But Plaintiff has not shown that he faced such imminent danger at the time he filed this action.

Under 28 U.S.C. § 1915(g), a prisoner who has already had three cases dismissed as frivolous or malicious or for failure to state a claim cannot file a civil action without prepaying the filing fee "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent-danger exception "is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022) ("The plain reading of the statute requires that the 'imminent danger' exist contemporaneously when the action is filed.").

Critically, Plaintiff's motion does not raise any facts possibly showing he was in imminent danger *when he filed his complaint*. Instead, Plaintiff focuses on events that have allegedly occurred since the Court dismissed the case. (*See generally* Pl.'s Mot. to Vacate.) But his arguments concerning his alleged lack of medical treatment in the months following dismissal have no bearing on whether he was in imminent danger at the time he filed this case.

In its prior Memorandum Opinion, the Court explained that Plaintiff had not alleged sufficient facts to show that he was in imminent danger of serious physical injury because of Defendants' actions or inactions. (*See* Mem. Op. 7–10); *see also Hall*, 44 F.4th at 224 ("District courts have broad discretion to consider the totality-of-the-circumstances, past and present, to determine whether an incarcerated person faces imminent serious injury at the time of filing because of denied or delayed medical care causing worsening medical conditions."). Nothing

in Plaintiff's present motion gives the Court reason to modify its ruling that the allegations in his complaint were insufficient to demonstrate imminent harm at that time. Because § 1915(g) is concerned with risk at the time the complaint is filed, Plaintiff's motion lacks merit.

## IV.

For the foregoing reasons, the Court will deny Plaintiff's motion to vacate.

The Clerk is directed to send a copy of this Memorandum Opinion and the Accompanying Order to the parties.

**ENTERED** this 26th of September, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE